UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SEARCH WARRANT

Case No: 3:22-mj-__714__ (SDV)

July 15, 2022

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Michael J. Syrax, being duly sworn, depose and state as follows:

## BACKGROUND OF AFFIANT

1.     I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since 2002. My experience as an FBI Special Agent has included the investigation of violent crimes, counterintelligence, counterterrorism, and weapons of mass destruction. Since 2018, I have been assigned to investigate violent crimes against children and have participated in multiple investigations involving child exploitation, trafficking of child pornography, and online enticement of minors. I received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, and various other criminal law procedures. I am a federal law enforcement officer who is engaged in enforcing federal criminal laws, and I am authorized by the Attorney General to request search and arrest warrants.

## TARGET OFFENSES

2.     I am currently investigating an individual named JAKE SCOTT FLEWELLYN ("FLEWELLYN"), an adult male born in 1997 and a resident of Norwalk, Connecticut, for distributing and accessing with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B) (collectively, the TARGET OFFENSES):

1

a. Title 18, United States Code, Section 2252A(a)(2) provides that a person who "knowingly receives or distributes (A) any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or (B) any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . shall be [guilty of a crime.]"

b. Title 18, United States Code, Section 2252A(a)(5)(B) provides that a person who "knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . shall be [guilty of a crime.]"

## **BACKGROUND**

3.      On May 11, 2022, this Court issued a criminal complaint and arrest warrant, *see United States v Jakes Flewellyn*, Case No. 3:22-mj-489 (SDV), charging FLEWELLYN with the TARGET OFFENSES. He was arrested and presented the same day, and he is currently released on bond.

4.      I now make this affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) for information, as further described in Attachments A and B, that is stored at premises controlled by Kik, c/o MediaLab.AI Inc., a company which is headquartered and accepts service of legal process at 1237 7th St., Santa Monica, California (the "Provider"). More specifically, I make this affidavit is made in support of an application for a search warrant to require the Provider to search the information in Attachment A and to disclose to the government copies of the following records, as further described in Sections I of Attachment B (the "TARGET RECORDS"):

2

    a.  records related to CyberTipline Report # 113716308, which Kik sent to the National Center for Missing and Exploited Children ("NCMEC")[1] on or about December 29, 2021, and for records related to Kik username: stonerloner17, which is the subject of the CyberTipline Report; and

    b.  records related to CyberTipline Report # 121495735, which Kik sent to NCMEC on or about April 3, 2022, and all records related to Kik username: stonerloner27, which is the subject of the CyberTipline Report.

5.    Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of the Attachment B. Based on the information set forth in this affidavit, I believe there is probable cause to believe that the TARGET RECORDS contain items that constitute instrumentalities, fruits, and evidence of violations of the TARGET OFFENSES, as more fully specified in Section II of Attachment B.

6.    On March 27, 2021, I sent a preservation letter to Kik requesting preservation of TARGET RECORDS.

7.    The statements contained in this affidavit are based in part on information provided by other members of local, state, and federal law enforcement; my own investigation to include personal observations, documents and other investigative materials which I have reviewed; and

---

[1] NCMEC's CyberTipline is the nation's centralized reporting system for the online exploitation of children. The public and electronic and internet service providers can make reports of suspected online enticement of children for sexual acts, extra-familial child sexual molestation, child pornography, child sex tourism, child sex trafficking, unsolicited obscene materials sent to a child, misleading domain names, and misleading words or digital images on the internet. In addition, pursuant to 18 U.S.C. § 2258A, electronic communication service providers and remote computing service providers have a duty to make CyberTipline reports to NCMEC when they learn of facts or circumstances for apparent violations of the federal child pornography laws. The statute also requires, among other things, the provider to preserve any visual depictions, data, or other digital files that may provide context or additional information about the reported material or person for 90 days after the submission of the CyberTipline Report.

my training and experience as a Special Agent with HSI. Since this affidavit is being submitted

for the limited purpose of securing a search warrant, I have not included each and every fact known

to me concerning this investigation. I have set forth only the facts that I believe are necessary to

establish probable cause to believe that evidence, fruits, and instrumentalities of the TARGET

OFFENSES are located within the TARGET RECORDS.

### DEFINITIONS

8.      The following definitions apply to this Affidavit:

a.      "Minor," as used herein, is defined by 18 U.S.C. § 2256(1) to mean any person under the age of eighteen years.

b.      "Chat," as used herein, refers to any kind of text communication over the Internet that is transmitted in real-time from sender to receiver. Chat messages are generally short in order to enable other participants to respond quickly and in a format that resembles an oral conversation. This feature distinguishes chatting from other text-based online communications such as Internet forums and email.

c.      "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) ("any visual depiction including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct, where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct."), and also includes any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. 18 U.S.C. §§ 2252 and 2256(2).

d.      "Sexually explicit conduct" means actual or simulated (i) sexual intercourse, including genital/genital, oral/genital, anal/genital, or oral/anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A).

e.      "Computer," as used herein, refers to "an electronic, magnetic, optical,

4

electrochemical, or other highspeed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, and mobile phones and devices. *See* 18 U.S.C. § 1030(e)(1).

f.    "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. Traditionally, IP addresses were either dynamic, meaning an Internet service provider ("ISP") assigns a different unique number to a computer every time it accesses the Internet, or static, meaning an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet. Generally, the static IP addresses were assigned by those companies who offered "broadband" Internet service, such as through cable or digital subscriber line ("DSL"), whereas "dial up" companies would assign their users dynamic addresses. Now, however, as a greater number of American Internet users choose broadband Internet service, many of these users are being assigned what may be colloquially referred to as a "sticky dynamic IP address" or a "sticky IP." A sticky IP is a dynamically assigned IP address that does not change often. The address leases are usually set to long periods and simply renewed upon expiration.

g.    "Mobile applications" or "chat applications," as used herein, are small, specialized programs downloaded onto mobile devices that enable users to perform a variety of functions, including engaging in online chat, reading a book, or playing a game. Kik is an example of a "Mobile application."

h.    "UTC" refers to Universal Time Code which is the primary time standard by which the world regulates clocks. Represented in hour:minutes:seconds followed by AM or PM and the acronym UTC.

## BACKGROUND ON KIK

9.    This case involves two leads that NCMEC provided to the FBI. The two leads were derived from Kik.

10.    Kik is a free smartphone messenger application that is owned and operated by Media Lab, a California-based Company.  According to its Law Enforcement Guide, revised on February 26, 2020 (the "Guide"), Kik "lets users connect with their friends and the world around them through chat."  The Guide states that users can "send text, pictures, videos and more – all

within the app." To use the Kik application, a user downloads the application to a mobile phone,

computer, or other digital device via a service such as Apple's App Store or the Google Play

Store. *Id.* Once the Kik application is downloaded and installed, the user creates a Kik account

and profile. Once the user creates an account, the user is able to locate others via a search

feature.

         11.      A Kik profile generally includes a profile picture, a username, and a display

name:

        a.   A profile picture may include a photograph or other depiction chosen by the
user of the account.

        b.   The display name is created by the user and may be the user's actual name
(such as "Jane Doe") or other personal identifier. The display name is not unique
(for example, there may be hundreds of people with the display name Jane Doe).

        c.    The username is a unique identifier for the Kik user. It is not uncommon for
the user name to be a combination of letters and numbers (for example, the
username might be janedoe99).

        d.   While a user may change his or her display name, the username for a Kik
account stays constant for the duration of that account. In order to change a
username, the user would have to create a different Kik account.

        e.   According to "Kik's Guide for Law Enforcement," Kik users are also able to
create chat groups with a limited number of individuals to communicate in a
group setting and exchange text messages, images, and videos. These groups are
administered by the group creator, who has the authority to remove and ban other
users from the created group. Once the group is created, Kik users have the option
of sharing items, such as photos or videos, with the group as a whole or with any
other user. These groups are frequently created with a group name containing a
hashtag (#) that is easily identifiable or searchable by keyword. After a group is
created, the original administrator can also designate other administrators for the
group.

## BACKGROUND OF THE INVESTIGATION

12.     This "Background of the Investigation" section is identical to the "Background of the Investigation" section in the affidavit supporting the criminal complaint, *see Flewellyn*, Case No. 3:22-mj-489 (SDV), Doc. No. 1-1, except for the addition of the of the CyberTipline Report numbers in paragraphs 14 and 31 below, and the addition of the information in paragraph 51 below.

13.     The FBI conducts child exploitation investigations and, at times, receives referrals from electronic service providers through NCMEC.[2]  In the instant investigation, Kik filed two reports with NCMEC regarding a Kik user who violated Kik's terms of service by distributing child pornography through its service. The NCMEC report identified two separate accounts using the monikers "stonerloner17" and "stonerloner27."

### FIRST NCMEC REPORT

14.     Kik submitted the first report to NCMEC (CyberTipline Report # 113716308) on December 29, 2021.  The report identified two images and 84 videos depicting suspected child pornography that were uploaded to a Kik Account with the username "stonerloner17."  Kik provided NCMEC with some IP addresses relevant to this account.  Kik advised that the uploads occurred between November 12, 2021 and December 15, 2021 using Verizon Wireless IP addresses. Kik also provided NCMEC with the images and videos identified in the report.

15.     The NCMEC report indicated that Kik viewed the images and videos prior to submitting the report to NCMEC. The NCMEC report, along with the images and videos, were

---

[2] NCMEC was established by the United States Congress in 1984 to serve as the nation's clearinghouse on issues related to missing and sexually-exploited children. NCMEC's CyberTipline accepts reports by the public, ISPs, and others regarding suspected crimes of sexual exploitation committed against children.  ISPs are required by law to report apparent child pornography to law enforcement via the CyberTipline

provided to the FBI's New Haven Field Office for further investigation. The investigation was then assigned to me.

16.     I reviewed the report and the videos provided by NCMEC. Some of the videos are described below.[3]

17.     The NCMEC report indicates that on November 13, 2021, "stonerloner17" sent 27 videos depicting what appears to be child pornography.

        a.     For example, on November 13, 2021, at 04:03:04 UTC via IP address 174.192.4.226 ("IP Address 1"), "stonerloner17" sent a video to another Kik user via private message. This video depicts a minor female in front of a male whose penis was exposed. The minor female engages in oral sex with the male.

        b.     A few seconds later at 04:03:15 UTC via the same IP address, "stonerloner17" sent a video to another Kik user via private message. The video depicts a minor female engaging in oral sex with a male.

18.     The NCMEC report indicates that on November 19, 2021, "stonerloner17" sent two videos, as described below.

        a.     On November 19, 2021, at 20:06:11 UTC via IP address 174.242.155.229 ("IP Address 2"), Kik user "stonerloner17" sent a video to another user via private message. The video depicts what appears to be a minor female engaging in vaginal or anal intercourse with a male.

---

[3] Throughout this affidavit, I describe images and videos where I believe a minor (a person under the age of 18), is engaged in sexually explicit conduct. My assessment is based on my experience working child exploitation cases and on my personal review of the image or video. In making this assessment, I consider the totality of the circumstances including the "minor's" physical size (height/weight); hair in the auxiliary areas (pubic area or under the arms) and development of the sexual organs (such as breasts in females). In circumstances in which I am uncertain if an image or video depicts a minor, I would describe it as "age difficult" or "child erotica."

b.      A few minutes later at 20:19:56 UTC via the same IP address, "stonerloner17" sent a video to another Kik user via private message. The video depicts a prepubescent female engaging in oral sex with a male.

19.      The NCMEC report indicates that on December 4, 2021, "stonerloner17" sent nine videos depicting what appears to be child pornography.

a.      For example, on December 4, 2021, at 1:34:54 UTC via IP address 174.242.133.194 ("IP Address 3"), "stonerloner17" sent a video to another Kik user via private message. This video depicts what appears to be a minor female engaging in oral sex with a male and then depicts the male engaging in vaginal intercourse with the minor female.

b.      On the same date at 01:04:39 UTC via the same IP address, "stonerloner17" sent a video to another Kik user via private message. The video depicts a prepubescent female engaging in vaginal intercourse with a male. I have seen this video during the course of other investigations.

KIK ACCOUNT "STONERLONER17"

20.      In response to an administrative subpoena, Kik provided the following subscriber information pertaining to the "stoneloner17" account as well as additional IP addresses used to access this account:

FirstName: J

LastName: Stoner

Email: jsf17flw@[REDACTED].com(confirmed)

Username: Stonerloner17

Device Type: iPhone

## EMAIL ACCOUNT

21.     In response to an administrative subpoena, the email service provider for Email

Address: jsf17flw@[REDACTED].com provided the following subscriber information for the

email address:

> Full Name: Jack Wood
>
> Zip Code: 06851 [4]
>
> Recovery Phone: xxx-xxx-8634 (Verified).

## VERIZON WIRELESS

22.     In response to an administrative subpoena, Verizon Wireless provided

information pertaining to some of the IP addresses from which the videos described above were

uploaded from the "stoneloner17" Kik account and sent to other users, including IP Address 1 on

11-13-2021 04:03:04 UTC; IP Address 2 on 11-19-2021 20:19:56 UTC; and IP Address 3 on 12-

04-2021 01:34:54 UTC. Verizon Wireless provided multiple telephone numbers and the

following information:

> "The IP addresses provided are natting IPs which have many users at the same time. The
>
> attached report contains all of the phone numbers that utilized the IPs during the time
>
> frame requested."

23.     Due to the multiple telephone numbers provided in the return, a V-Lookup was

conducted.  The term "V-Lookup" in the program Excel enables an individual to search, sort, and

find relationships between values in the data tables.  In this instance, the V-Lookup compared the

three IP addresses (IP Address 1, IP Address 2, and IP Address 3) and found one unique

---

[4] According to https://www.unitedstateszipcodes.org, zip code 06851 is associated with Post Office City Norwalk, Connecticut.

10

telephone number that was common to all three.   The one unique telephone number was:  xxx-xxx-8634, which is the same phone number listed as the verified recovery phone number for the jsf17flw@[REDACTED].com email address.

OPTIMUM ONLINE

24.     As noted above, Kik provided records containing additional IP addresses that were used to access the "stonerloner17" account. The records obtained from Kik showed the IP address 69.117.228.78 ("IP Address 4") and 24.191.26.28 ("IP Address 5"), among others, in the log of connections to the "stonerloner17" account. An open-source search indicated these two IP addresses are serviced by Optimum Online, a service that provides cable internet service.

25.     IP Address 4 appeared on 28 instances between August 8, 2021 and October 29, 2021 in the Kik records. IP Address 5 appeared on 21 instances between January 15, 2021 and November 5, 2021 in the Kik records.

26.     In response to an administrative subpoena, Optimum Online provided subscriber information for IP Address 4 on October 29, 2021 11:32:59 PM UTC PORT 55818 and IP Address 5 on November 5, 2021 [5] 4:16:05 PM UTC PORT 63057.

27.     According to the information provided by Optimum Online, IP Address 4 was assigned to an account subscribed by an individual ("Individual-1"), who is known to me. The service address lists an address in Norwalk, CT ("Address-1"). The records indicate that the account was activated on August 6, 2021.

28.     According to the information provided by Optimum Online, IP Address 5 was assigned to an account subscribed by another individual ("Individual-2"), who is known to me.

---

[5] This is approximately one week prior to the start of the time period of the uploads reported in the NCMEC Cybertip.

The service address lists a second address in Norwalk, CT ("Address-2"). The records indicate that the account was activated on February 17, 2017.

<u>CELL PHONE RECORDS</u>

29.       In response to an administrative subpoena, Verizon Wireless provided records pertaining to telephone number xxx-xxx-8634. As discussed above, telephone number xxx-xxx-8634 is the telephone number that was common to the three IP addresses (IP Address 1, IP Address 2, and IP Address 3) used to upload the child pornography identified in the first NCMEC report from Kik.  In addition, this phone number was also listed as the recovery telephone number for jsf17flw@[REDACTED].com – the confirmed Email address used on the Kik account for "Stonerloner17." According to the records from Verizon Wireless, the phone number is assigned to an account in the name of Individual-2 and an associated business that is owned by Individual-2.

<u>SECOND NCMEC REPORT</u>

30.       Based on my training and experience, I know that Kik shuts down accounts that violate its terms of services, including sharing child pornography.  Upon information and belief, Kik terminated the "Stonerloner17."

31.       On April 3, 2022, Kik submitted a separate report to NCMEC (CyberTipline Report # 121495735) for Kik user "stonerloner27."  This Kik user provided email address: stonedjones27@[REDACTED].com.

32.       According to the NCMEC report, a user of this account uploaded 21 videos depicting suspected child pornography between March 10, 2022 and March 30, 2022 using Verizon Wireless IP addresses and an Optimum Online IP address. Kik also provided NCMEC with the videos identified in the report. The NCMEC report indicated that Kik viewed the images

and videos prior to submitting the report to NCMEC. The NCMEC report and videos were subsequently provided to me.

33.     I reviewed the NCMEC report and videos. Some of the videos are described below.

34.     On March 10, 2022, at 22:06:56 UTC via IP Address 4, Kik user "stonerloner27" sent a video to another user via private message. The video depicts what appears to be a minor female engaging in oral sex with a male.

35.     As noted above, IP Address 4 is subscribed to Individual-1 at Address-1, and this IP address was also used by "stonerloner17."

36.     On March 17, 2022, at 18:55:35 UTC via Verizon Wireless IP address 174.192.1.6, Kik user "stonerloner27" sent a video to another user via private message. This video depicts what appears to be a minor female who is dressed, standing inside a closet. The minor removes all her clothing, exposing her vagina, and then masturbates.

37.     On March 22, 2022, at 18:26:51 UTC via Verizon Wireless IP address 174.242.135.147, Kik user "stonerloner27" sent a video to another user via private message. This video depicts a totally nude prepubescent female lying supine on what appears to be a bed. A male is engaging in vaginal intercourse with the minor.

38.     On March 29, 2022, at 19:31:46 UTC via Verizon Wireless IP address 174.192.14.108, Kik user "stonerloner27" sent a video to another user via private message. This video depicts a totally nude prepubescent female lying supine whose legs are being spread open by an unknown subject who is engaging in oral sex with the minor.

39.     Records have not yet been obtained for the Verizon Wireless IP addresses for the videos described in the preceding three paragraphs.

IDENTIFICATION OF FLEWELLYN

40.     The FBI identified FLEWELLYN using a variety of sources including publicly

available information, government records, private databases, and subpoenas.

41.     According to publicly available information on FLEWELLYN's Facebook

account, he is in a relationship with Individual-1.

42.     Individual-2 is FLEWELLYN's relative.  FLEWELLYN's address of record is at

Individual-2's residence at Address-2.

43.     Publicly available images show FLEWELLYN with a cellular telephone that is

consistent with an Apple iPhone.

44.     Kik's response to an administrative subpoena indicated an Apple iPhone was

used to access the application.

45.     The email address linked to the "stonerloner17" Kik account

("jsf17flw@[REDACTED].com") has FLEWELLYN's initials and day of birth.

INTERVIEW OF FLEWELLYN

46.     On April 12, 2022, another FBI Special Agent and I located FLEWELLYN at

Address-1 and then conducted a non-custodial interview of FLEWELLYN at Address-1. The

interview was covertly video and audio recorded. During the interview, FLEWELLYN stated

that he resides with Individual-1 (his girlfriend) at Address-1.  FLEWELLYN also made several

statements regarding his use of the telephone and Kik accounts identified above. Specifically,

FLEWELLYN said his telephone number was xxx-xxx-8634. Although he initially denied using

the "stonerloner17" and "stonerloner27" Kik accounts, he later admitted he used both Kik

accounts. He created the "stonerloner27" account after Kik deactivated the "stonerloner17"

account. FLEWELLYN said he used the Kik accounts to view child pornography and conduct

other unrelated activities. He said he also used the cellular telephone to access the file sharing

site Mega.com. FLEWELLYN said he began viewing child pornography approximately one year

prior to the interview.

47.     FLEWELLYN admitted to distributing child pornography to other Kik users in

various public and private groups within the application. FLEWELLYN estimated he sent

approximately ten to twenty videos each day he used the Kik application. He also estimated he

used the application every other day. FLEWELLYN said he knew the images or videos he sent

contained child pornography. FLEWELLYN admitted to viewing child pornography with

victims as young as one or two years old. He said his attraction focused on females aged 13 to 16

years old.

## EXECUTION OF THE PHONE SEARCH WARRANT

48.     On April 12, 2022, prior to the interview, the Court authorized a federal search

and seizure warrant for an Apple iPhone cellular phone assigned phone number xxx-xxx-8634.

During the interview, the FBI seized that phone from FLEWELLYN. An extraction of the

device's data was conducted on April 13, 2022, by FBI Forensic Examiners. The affiant

reviewed the data extracted from FLEWELLYN's cellular telephone.

49.     Data from the cellular telephone demonstrated FLEWELLYN used the device.

Specifically, the phone number associated with the device was +1xxxxxx8634, the same number

as the telephone number provided by FLEWELLYN during the FBI interview on April 12, 2022,

the same number that was common to the three IP addresses (IP Address 1, IP Address 2, and IP

Address 3) used to upload the child pornography identified in the first NCMEC report from Kik,

and the same number that was listed as the recovery telephone number for

jsf17flw@[REDACTED].com – the confirmed Email address used on the Kik account for

"Stonerloner17." In various locations of the device, the user "Jake" or "Jake Flewellyn" was identified. The email address jsf17flw@[REDACTED].com was linked to the device.

50.       The extraction did not reveal any images or videos containing child pornography on FLEWELLYN's cellular telephone. In addition, the Kik application was not present on the device when it was extracted. However, other data indicated the Kik application had been installed and accessed by FLEWELLYN's cellular telephone. Specifically, there were approximately 150 digital log entries related to Kik between October 30, 2017 and April 12, 2022. The affiant identified approximately 110 activations and six launches of the Kik application with the last launch dated April 7, 2022. The last connection to Kik using FLEWELLYN's cellular telephone was on April 12, 2022 at approximately 11:00 AM.

<u>ADDITIONAL INFORMATION</u>

51.       On April 22, 2022, I submitted all of the files that I believed to contain child pornography to NCMEC in order to determine if any of the minors depicted in the images are known victims.  I am aware that NCMEC has a Child Victim Identification Program ("CVIP"). As part of CVIP, NCMEC maintains a database of images and videos depicting known victims of child pornography who have been identified in prior law enforcement investigations. In reports that I received on or about May 31, 2022, CVIP responded that 19 of the files depict known victims who have been previously identified by law enforcement.  These victims were under the age of 18 when the images and videos were originally produced.

16

## CONCLUSION

52.     Based on the aforementioned factual information, there is probable cause to believe, and I do believe, that evidence of the TARGET OFFENSES is located within the TARGET RECORDS, which constitute and contain items that constitute contraband, fruits, instrumentalities and evidence of crime, or material otherwise criminally possessed, or property that is or has been used as the means of committing the TARGET OFFENSES.

53.     In consideration of the foregoing, I respectfully request that this Court issue a warrant authorizing the search of the information described in Attachment A, for the items more specifically identified in Attachment B. Because the warrants will be served on the Providers, who will then compile the requested records at a time convenient to them, good cause exists to permit the execution of the requested warrant at any time in the day or night.

SYRAX.MICHAEL.J.J17J46T75
Digitally signed by SYRAX.MICHAEL.J.J17J46T75
Date: 2022.07.15 09:28:52 -04'00'

_____
Michael J. Syrax
Special Agent, FBI

The truth of the foregoing affidavit has been attested to me by Special Agent Michael J. Syrax over the telephone on this 15th day of July, 2022, at Bridgeport, Connecticut in accordance with the requirements of Fed. R. Crim. P. 4.1.

S. Dave Vatti
Digitally signed by S. Dave Vatti
Date: 2022.07.15 10:13:56 -04'00'

_____
HON. S. DAVE VATTI
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## Property to Be Searched

This warrant applies to the following records and information that is stored at premises controlled by Kik, c/o MediaLab.AI Inc., a company which is headquartered and accepts service of legal process at 1237 7th St., Santa Monica, California (referred to herein and in Attachment B as "Kik"):

(1)     Records related to **CyberTipline Report # 113716308**, which Kik sent to the National Center for Missing and Exploited Children ("NCMEC");

(2)     Records related to **CyberTipline Report # 121495735**, which Kik sent to NCMEC on or about April 3, 2022, and

(3)     All records related to Kik usernames: **stonerloner17** and **stonerloner27** (each referred to herein and in Attachment B as an "Account"),  which are the subject of the CyberTipline Reports listed above.

## ATTACHMENT B

## Records to be Seized

I.      **Information to be disclosed by the provider listed on the search warrant**

To the extent that the information described in Attachment A is within the possession, custody, or control of Kik, including any messages, records, files, logs, or information that have been deleted but are still available to Kik, or have been preserved pursuant to a request made under Title 18, U.S.C. §2703(f), Kik, is required to disclose the following information to the government:

a.      All records and information associated with CyberTipline Report # **113716308**, CyberTipline Report # **121495735**, and all other CyberTipline Reports filed by Kik for each Account listed in Attachment A, including communications, images, videos, file activity logs and contact lists, that Kik collected, saved, or preserved in connection with preparing the CyberTipline reports;

b.      Copies of all content, files and/or data stored in each Account, including photographs, images, videos, and other stored content, and all information pertaining to the source of such materials, the date and time at which such materials were uploaded to the account, and the date and time at which such materials were accessed from the account;

c.      All subscriber information for each Account listed in Attachment A, including but not limited to the following information:

1.      Names (including subscriber names, usernames, and screen names);

2.      Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3.      Records of session times and durations and IP history log;

4.      Length of service (including start date) and types of service utilized;

5.      Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), MSISDN, International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Station Equipment Identities ("IMEI"));

6.      Other subscriber numbers or identities (including temporarily assigned network addresses and registration IP addresses (including carrier grade natting addresses or ports)); and

7.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

Notwithstanding 18 U.S.C. § 2252/2252A or any similar statute or code, Kik shall disclose responsive data by sending it (either physically or electronically) to the law enforcement agent who served the warrant. Kik is hereby ordered to disclose the above information to the government within 14 days of service of this warrant.

**II.      Information to be seized by the Government**

All information described above in Section I, in any format, that constitute evidence, fruits, and/or instrumentalities of violations of distributing and accessing with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B) (collectively, the "TARGET OFFENSES"), for the time period from November 1, 2021 to April 12, 2022, including, but not limited to, the following:

1.      All photographs, images, and videos, in any format, including any associated metadata or EXIF information, depicting child pornography, as defined in 18 U.S.C. § 2256;

2.      Communications pertaining to the TARGET OFFENSES;

3.      Contact information of individuals who may have been contacted in connection with the TARGET OFFENSES;

4.      Evidence of who used, accessed, owned, or controlled each Account;

5.      Evidence indicating how and when each Account was accessed or used, and evidence indicating the geographic location of the Account user when the Account was accessed or used;

6.      Evidence indicating the state of mind of the user(s) of each Account as it relates to the TARGET OFFENSES; and

7.      Passwords and encryption keys, and other access information that may be necessary to access each Account or contents of the Account.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.